UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSICA A. JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0710-CVE-PJC |
| | ) |
| MOVIN ON TRANSPORTATION, INC., | ) |
| and ROYCE G. CASKEY, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Remand (Dkt. # 11). Plaintiff argues that this Court lacks jurisdiction because plaintiff's claims arise solely under state law. Defendants respond that this Court has federal question jurisdiction over plaintiff's claim for overtime compensation because plaintiff is seeking relief under the Fair Labor Standards Act, 29 U.S.C. § 207 (FLSA).

**I.**

On October 31, 2011, plaintiff filed a lawsuit in Tulsa County District Court against her former employer, defendant Movin On Transportation, Inc. (Movin On), and Movin On's president, defendant Royce Caskey. The petition states the following six separate causes of action: (1) wrongful termination in violation of her employment agreement; (2) wrongful termination in violation of Oklahoma public policy; (3) sexual harassment; (4) battery; (5) slander per se; and (6) failure to receive overtime compensation. Dkt. # 2-1. The sixth cause of action states in its entirety:

> 19. Paragraph 1 through 18, both inclusive, are incorporated by reference as if set forth again in their entirety.
> 20. Under applicable law, Plaintiff was entitled to receive overtime compensation of at least $1,864.26 during her employment, and is

> now entitled to judgment for twice the amount which she was to have
> received as overtime compensation, plus attorney fees and costs.

Dkt. # 2-1 at 3.

## II.

Federal courts have subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. When deciding whether a case arises under federal law, the court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Federal courts do not have subject matter jurisdiction when a federal law issue arises only as a defense to plaintiff's claims. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Removal statutes are construed narrowly and defendant bears the burden to prove the existence of federal subject matter jurisdiction. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001).

## III.

Plaintiff argues that this case was improperly removed to federal court because the petition alleges only state law claims. Plaintiff states that her claim for overtime wages is based both on Oklahoma statutes providing for payment of overtime wages and on an employment agreement. Defendants argue that plaintiff's claim for overtime wages is "exclusively a right conferred by

federal law." Dkt. # 14 at 2. Defendants further argue that Oklahoma statute does not create a right to overtime wages, and that any employment contract between the parties would be governed by the FLSA. Dkt. # 14 at 3-4.

In effect, defendants are arguing that the FLSA preempts state laws regulating the payment of overtime premiums. Complete preemption is an exception to the well-pleaded complaint rule. "When the doctrine is properly invoked, a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim 'necessarily federal in character.'" Schmeling, 97 F.3d at 1339 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)); see also Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). Few statutes possess this "extraordinary preemptive power." Metropolitan Life Ins. Co., 481 U.S. at 65. Examples include the Employee Retirement Income Security Act, 29 U.S.C. § 1101 et seq., and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. See Felix v. Lucent Technologies, Inc., 387 F.3d 1146, 1154-56 (10th Cir.2004).

It is clear from the language of the petition, and the fact that it does not cite to any federal statutes, that plaintiff intended to bring only state law claims for overtime wages. Defendants' attempt to persuade this Court that any alleged state law claims are preempted by the FLSA is unavailing. This Court has previously held that "the FLSA does not completely preempt state law claims such that any claim seeking unpaid overtime compensation is inherently federal in character." Mickle v. Wellman Prods. LLC, No. 08-CV-0297-CVE-PJC, 2008 WL 3925266, at *4 (N.D. Okla. Aug. 20, 2008). As this Court pointed out in Mickle, the FLSA has a savings clause that permits

states to enact laws providing more generous benefits than the FLSA. 29 U.S.C. § 218(a). "This plainly shows that Congress did not intend to occupy the field of labor regulation so pervasively that any state law claim seeking overtime compensation is completely preempted." Mickle, 2008 WL 3925266, at *4 (citing Wyoming v. United States, 279 F.3d 1214, 1234 (10th Cir.2002)). Thus, the mere fact that plaintiff is seeking overtime pay does not automatically convert her claim to an FLSA claim. See Mickle, 2008 WL 3925266, at *4; see also Hoffman v. First Student, Inc., No. AMD 06-CV-1882, 2009 WL 1783536, at *8 (D. Md. June 23, 2009) ("every Circuit that has considered the issue has reached the same conclusion - state overtime wage law is not preempted by the FLSA") (internal quotations omitted); Cuomo v. Dreamland Amusements, Inc., No.08-CV-7100 (JGK), 2008 WL 4369270, at *6 (S.D.N.Y. Sept. 22, 2008) (granting motion to remand because "[i]t is well settled that the FLSA is not intended to preclude state labor laws").

Defendants' arguments that Oklahoma law does not provide for recovery of overtime wages and that the alleged employment agreement, or any modification thereof, must be interpreted in accordance with the FLSA are merely defenses to plaintiff's overtime claim. Even if the Court were to find that the FLSA preempted all or part of plaintiff's claim, this would still be a defense to plaintiff's state law claim and "the Court may not exercise federal question jurisdiction over a removed case based solely on a federal defense to a state law claim." Mickle, 2008 WL 3925266, at *4; see also Felix, 387 F.3d at 1156 ("federal preemption is a defense and generally does not authorize removal") (internal quotation omitted). Although the FLSA is ordinarily the statute used to recover unpaid overtime compensation, plaintiffs have elected to pursue state law claims only. The Court may not assess the merits of those state law claims or question the wisdom of plaintiff's decision, because it lacks jurisdiction to hear this case.

Plaintiff's request for attorney fees is denied. As the master of her complaint, plaintiff had the right to choose between available remedies. However, the FLSA provides the most comprehensive and commonly used remedy to recover overtime compensation, and defendant could reasonably have assumed that plaintiff intended to invoke the FLSA. The standard for awarding fees under 28 U.S.C. § 1447(c) turns on the "reasonableness" of defendant's decision to file a notice of removal and, when a defendant has an objectively reasonable basis to seek removal, attorney fees should not be awarded. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Defendant's notice of removal was based on plaintiff's claim for overtime wages. Even if removal was unsuccessful, the Court finds that defendant's notice of removal was based on reasonable factual and legal grounds.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Dkt. # 11) is **granted**. The Court Clerk is directed to **remand** the case to the District Court of Tulsa County.

**DATED** this 26th day of January, 2012.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT